UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                               :
LOSINJKA PLOVIDBA              :
                               :
              Plaintiff,       :
                               :
      v.                       :          06 Civ. 13627 (LAP)
                               :
AZELIE CORPORATION and         :
CARGOBULK PTE LTD.,            :
                               :
              Defendants.      :
                               :
-------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/07

LORETTA A. PRESKA, U.S.D.J.

      Counsel for Plaintiff and Defendant Cargobulk Pte Ltd.
("Defendant") appeared today for oral argument on
Defendant's motion to vacate the attachment of certain
funds by the Bank of New York.  The parties agree that the
funds at issue were in the hands of the Bank at the time
the Defendant served the Bank with the Process of Maritime
Attachment and Garnishment ("PMAG").  The only issue is
"the length of time between the arrival of funds at the . .
. bank[] and subsequent service of process" of the PMAG.
Maersk, Inc. v. Neewra, Inc., 443 F. Supp. 2d 519, 529
(S.D.N.Y. 2006).

      "To validly attach an [electronic funds transfer],
'process and a res must coexist in the hands of the
garnishee at a single moment in time.'"  Id. (quoting Ythan

1

Ltd. v. Americas Bulk Transp. Ltd., 336 F. Supp. 2d 305, 307 (S.D.N.Y. 2004)).  Plaintiff initially served the PMAG on the Bank at 4:25 p.m. on December 4, 2006, but the disputed funds were not present.  The disputed funds arrived at the Bank at 7:47 a.m. on December 5, 2006, and Plaintiff served the PMAG on the Bank at 10:15 a.m., less than three hours later.  Defendant does not contend that the Bank held the disputed funds as a result of any nefarious or improper conduct by Plaintiff.  The Court of Appeals declined to vacate an attachment of funds under similar circumstances in Winter Storm Shipping Ltd. v. TPI, 310 F.3d 262, 274 n.7 (2d Cir. 2002).  That decision controls the outcome here.

Accordingly, Defendant's motion to vacate the attachment is denied.


SO ORDERED:

DATED:     January 12, 2007
           New York, New York


                    LORETTA A. PRESKA, U.S.D.J.